# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | | |
|---|---|---|
| **SHEILA VICE o/b/o C.L.F.** | * | **CIVIL ACTION NO. 07-1013** |
| **VERSUS** | * | |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the district court referred the above-captioned matter to the undersigned magistrate judge for the administration of proceedings and entry of judgment. For reasons assigned below, the decision of the Commissioner is **AFFIRMED** and this matter **DISMISSED** with prejudice.

## BACKGROUND

On December 13, 2005, Sheila Vice filed the instant application for Supplemental Security Income benefits on behalf of her minor granddaughter, C.L.F. (claimant). (Tr. 94-96).[1] Vice alleged that C.L.F. became disabled on, or about June 28, 2005, due to attention deficit hyperactivity disorder ("ADHD"); a learning disorder; a speech impairment; *in utero* exposure to illicit drugs; and the inability to remain still. (Tr. 94, 115).[2] The claim was denied at the initial

---

[1] The court refers to the minor by her initials in accordance with LR 5.82W and the E-Government Act of 2002.

[2] C.L.F. was born in August 2001. (Tr. 23).

stage of the administrative process. (Tr. 45, 66-69). Accordingly, plaintiff requested and received an April 16, 2006, hearing before an Administrative Law Judge ("ALJ"). (Tr. 142-152). However, by decision dated September 19, 2006, ALJ Thomas Bundy found that C.L.F. was not disabled under the Social Security Act. (Tr. 47-56). Plaintiff appealed the adverse decision to the Appeals Council, but on April 13, 2007, the Appeals Council denied the request for review. (Tr. 57-59).

On June 12, 2007, Vice sought review before this court. Upon the Commissioner's unopposed motion, Magistrate Judge Hornsby remanded the case for further administrative action pursuant to sentence six of 42 U.S.C. § 405(g). (Aug. 17, 2007, Order [doc. 9]). On remand from the district court, the Appeals Council vacated ALJ Bundy's decision and returned the matter to another ALJ for further proceedings. (Tr. 62-65).[3]

A new hearing was held before ALJ Larry Butler on November 6, 2007. (Tr. 297-314). However, in a March 17, 2008, written decision, ALJ Butler determined that C.L.F. was not disabled under the Social Security Act. (Tr. 17-33). Plaintiff appealed the adverse decision to the Appeals Council, but review was denied. (Aug. 28, 2008, notice; Tr. 6-7). Thus ALJ Butler's decision became the final decision of the Commissioner. (Tr. 6-7). The Commission then returned the matter to this court on September 17, 2008, by filing a copy of the administrative transcript in the court record. [doc. # 11].

Plaintiff alleges the following errors:

---

[3] While the case was pending in federal court, Vice filed another application for Supplemental Security Income benefits on behalf of C.L.F. on June 28, 2007. (Tr. 98-100). The claim was denied at the initial stage of the administrative process. (Tr. 46, 84-87). The Appeals Council determined that the 2007 claim was duplicative, and thus combined it with the original 2005 claim. (*See* Tr. 64-65, 20).

2

1) the ALJ's determination that C.L.F. does not meet Listing 112.11 is not supported by substantial evidence; and

2) the ALJ failed to consider all of the evidence.

## STANDARD OF REVIEW

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## LAW

On August 22, 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L. 104-193, 110 Stat. 2105, which amended 42 U.S.C.

§1382c(a)(3). Pursuant to this law, a child under the age of eighteen is considered disabled for purposes of SSI benefits if "that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(I) (1997).

The regulations set forth a three-step process for a child seeking benefits. First, the ALJ must determine if the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924. If the child is not so engaged, then the ALJ determines whether the child has a medically determinable impairment(s) that is severe. *Id*. An impairment(s) will not be deemed severe if it constitutes a "slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." *Id*. Finally, an impairment(s) that is severe must also meet, equal, or functionally equal a listed impairment. *Id*.

## DISCUSSION

The ALJ determined that C.L.F. had not engaged in substantial gainful activity since the alleged onset date. (Tr. 23). He further found that C.L.F. suffers from severe impairments of moderate articulation delay and ADHD. *Id*. However, the ALJ concluded that these impairments did not meet, medically equal, or functionally equal a listed impairment. (Tr. 23, 26).

Plaintiff contends that C.L.F. meets Listing 112.11, and thus, the ALJ's contrary finding is not supported by substantial evidence. The relevant listing(s) provides

> **112.11 Attention Deficit Hyperactivity Disorder:** Manifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity. The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
>
> A. Medically documented findings of all three of the following:

      1. Marked inattention; and

      2. Marked impulsiveness; and

      3. Marked hyperactivity;

And

    B. For older infants and toddlers (age 1 to attainment of age 3), resulting in at least one of the appropriate age-group criteria in paragraph B1 of 112.02; or, for children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

20 C.F.R. Pt. 404, Subpt. P, App. 1., Rule 112.11 (emphasis added).

      \*          \*          \*

**112.02(B)(2)**. For children (age 3 to attainment of age 18), resulting in at least two of the following:

**a.** Marked impairment in age-appropriate **cognitive/communicative function**, documented by medical findings (including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psychological tests, or for children under age 6, by appropriate tests of language and communication; or

**b.** Marked impairment in age-appropriate **social functioning**, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or

**c.** Marked impairment in age-appropriate **personal functioning**, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests; or

**d.** Marked difficulties in **maintaining concentration, persistence, or pace**.

20 C.F.R. Pt. 404, Subpt. P, App. 1., Rule 112.02(B)(2) (emphasis added).

"For a claimant to show that [her] impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter

how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 891 (1990). To establish that a claimant's injuries meet or medically equal a Listing, the claimant must provide medical findings that support all of the criteria for a listed impairment (or most similarly listed impairment). *See, Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). An impairment that manifests only some of the requisite criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 891 (1990). If the plaintiff fails to demonstrate the specified medical criteria, the court will find that substantial evidence supports the ALJ's finding that Listings-level impairments are not present. *Selders v. Sullivan*, 914 F.2d 614, 620 (5th Cir. 1990).

ALJ Butler determined that C.L.F. did not meet Listing 112.11 because she suffered no more than *one* marked impairment in the four areas of functioning contemplated by paragraph B of Listing 112.11. (*See* Tr. 26). Specifically, the ALJ found that C.L.F. exhibited a marked limitation in her ability to maintain attention and concentration. *Id*.

In brief, the Commissioner further contends that plaintiff has not demonstrated that C.L.F. meets the paragraph A criteria for Listing 112.11, i.e., that she suffers marked inattention, hyperactivity, and impulsiveness. However, the purpose of the paragraph A criteria is to medically substantiate the presence of a particular disorder. 20 C.F.R. Pt. 404, Subpt. P, App. 1., Rule 112.00(A). Here, the ALJ specifically found that C.L.F. suffers from ADHD – a determination that is amply supported by the record. (*See e.g.*, Tr. 290, 204, 158-160). Accordingly, for purposes of the ALJ's determination that C.L.F. does not meet Listing 112.11, the only issue is whether the record contains substantial evidence to support the ALJ's finding that she does not suffer an additional marked impairment in cognitive/communication functioning,

6

social functioning, or personal functioning.

Plaintiff argues that C.L.F.'s ADHD imposes a marked limitation[4] in social functioning. Under the regulations,

> [s]ocial functioning refers to a child's capacity to form and maintain relationships with parents, other adults, and peers. Social functioning includes the ability to get along with others (e.g., family members, neighborhood friends, classmates, teachers). Impaired social functioning may be caused by inappropriate externalized actions (e.g., running away, physical aggression -- but not self-injurious actions, which are evaluated in the personal area of functioning), or inappropriate internalized actions (e.g., social isolation, avoidance of interpersonal activities, mutism). Its severity must be documented in terms of intensity, frequency, and duration, and shown to be beyond what might be reasonably expected for age. Strength in social functioning may be documented by such things as the child's ability to respond to and initiate social interaction with others, to sustain relationships, and to participate in group activities. Cooperative behaviors, consideration for others, awareness of others' feelings, and social maturity, appropriate to a child's age, also need to be considered. Social functioning in play and school may involve interactions with adults, including responding appropriately to persons in authority (e.g., teachers, coaches) or cooperative behaviors involving other children. Social functioning is observed not only at home but also in preschool programs.

20 C.F.R. Pt. 404, Subpt. P, App. 1., Rule 112.00(C)(2)(b).[5]

To support her argument, plaintiff emphasizes the hearing testimony, certain school records, and portions of a July 17, 2006, mental status examination administered by the

---

[4] A "marked" impairment means more than moderate but less than extreme. Rule 112.00(C).
> A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as **the degree of limitation is such as to interfere seriously with the ability to function** (based upon age-appropriate expectations) independently, appropriately, effectively, and on a sustained basis. When standardized tests are used as the measure of functional parameters, **a valid score that is two standard deviations below the norm** for the test will be considered a marked restriction.

*Id*. (emphasis added).

[5] These considerations are relevant not only to preschool children (from age 3 to 6), but also to primary school children (ages 6 to 12). *See* Rule 112.00(C)(3).

7

consultative psychologist, Samuel Thomas, Ed.D. For instance, plaintiff testified that C.L.F. bites her teachers, hits other children, and that the school calls her two to three times per week to pick C.L.F. up from school. (Tr. 303-304).[6] Notes from C.L.F.'s teacher in the spring of 2006 confirm that at times, C.L.F. screams, runs, kicks, and hits. (*See* Tr. 128-139). Also, Dr. Thomas noted that C.L.F. demonstrated "somewhat deficient" communication, daily living, and socialization skills. (Tr. 229-233). He further observed that she did "not currently [display] age-appropriate social skills across social situations due largely to inattentive, overactive and impulsive behavior." *Id*.[7]

In contrast, the record also contains evidence that by the time C.L.F. reached kindergarten, her teacher indicated that she was doing well. (Tr. 251-256). Her teacher further remarked that C.L.F. did not need a behavior intervention plan at that time. *Id*. Moreover, her attitude was appropriate in the classroom and at school. *Id*. In fact, C.L.F. could be cooperative and functioned well with her peers. *Id*. It is also worth noting that on the Function Report completed by plaintiff in connection with C.L.F.'s original disability application, she indicated that C.L.F.'s impairment did not affect her behavior with other people. (Tr. 106-113).[8] Plaintiff further informed Dr. Thomas that C.L.F. did not display self-injurious behavior or aggressiveness toward

---

[6] A neighbor corroborated plaintiff's testimony. (Tr. 307-312).

[7] Dr. Thomas completed a medical source statement which indicated that C.L.F.'s impairment did not limit her functional capacity at all. (Tr. 227-228). However, the ALJ discounted this statement as inconsistent with the findings in Dr. Thomas's report.

[8] On the Function Report submitted in conjunction with C.L.F.'s 2007 disability application, plaintiff left this question blank. (Tr. 164-171).

others or property. (Tr. 231).[9] Similarly, in August 2005, plaintiff reported to a social worker that C.L.F. had a positive self-concept and experienced good interpersonal relationships with peers and adults. (Tr. 194-201). Finally, a non-examining agency psychologist, David Atkins, Ph.D. reviewed the record and completed a childhood disability evaluation form which indicated that C.L.F. had a less than marked impairment in her ability to interact and relate with others. (Tr. 288-293).[10]

The foregoing evidence, albeit by no means uniform, provides substantial support for the ALJ's determination that C.L.F.'s impairment(s) did not meet the severity requirement for Listing 112.11.[11] Nonetheless, plaintiff maintains that the ALJ erred because he purportedly failed to

---

[9] Plaintiff forwarded a copy of Dr. Thomas's report to the Commissioner which included her hand-written comments to some of the report's findings. (*See* Tr. 157-160). However, plaintiff did not revise Dr. Thomas's recollection of her statements regarding C.L.F.'s lack of aggression towards others or property. *Id*.

[10] Citing 20 C.F.R. § 416.919n(e), plaintiff argues that Dr. Atkins' report is "unacceptable" because it is unsigned. (Pl. Brief, pg. 3 n6). The foregoing regulation, however, applies solely to consultative examination reports. *Id*. In contrast, medical assessment forms completed by non-examining agency psychological consultants (such as Dr. Atkins) may be signed electronically. (*See* Program Operations Manual System ("POMS") DI 26510.089 MEDICAL CONSULTANT (MC)/PSYCHOLOGICAL CONSULTANT (PC) SIGNATURE REQUIREMENTS FOR DISABILITY DETERMINATIONS ). It is apparent that Dr. Atkins electronically completed and electronically signed the Childhood Disability Evaluation Form. (*See* Tr. 287).
    Plaintiff further faults Dr. Atkins' findings because in his consideration of C.L.F.'s ability to interact and relate to others, he limited his discussion to the results of C.L.F.'s language evaluation. (Pl. Brief, pg. 4 n7). However, Atkins was well aware of Dr. Thomas's examination findings, as he referenced them in his discussion of C.L.F.'s marked limitation in her ability to attend and complete tasks. (Tr. 290). Moreover, Atkins specifically found that C.L.F.'s ADHD did not meet, medically equal, or functionally equal a listed impairment. (Tr. 288). As an agency psychologist, Atkins is highly trained and experienced in the minutiae and peculiarities of the listings.

[11] Although not challenged by plaintiff, the court further finds that there is substantial record evidence to support the ALJ's determination that C.L.F. did not suffer marked limitations of functioning in the remaining paragraph B criteria for Listing 112.11. (*See* Tr. 288-293, 112,

recite all of the evidence and did not make a credibility determination using the factors set forth in 20 C.F.R. § 416.929. However, although an ALJ must *consider* all the record evidence,[12] he need not *discuss* every piece of evidence in the record. *Bordelon v. Shalala*, 1994 WL 684574 (5th Cir. Nov. 15, 1994) (unpubl.). Here, the ALJ acknowledged that he reviewed all of the evidence. (Tr. 21); *See Daniels v. Apfel*, 1999 WL 346976 (5th Cir. May 20, 1999) (unpubl.) (although ALJ did not discuss expert opinion testimony, there was no error because he stated that he considered the entire record).

When assessing credibility, the ALJ is required to consider the objective medical evidence, the claimant's statements, the claimant's daily activities, and other relevant evidence. SSR 96-7p. The ALJ is also obligated to consider inconsistencies in the evidence and conflicts between the claimant's statements and the remainder of the evidence. 20 C.F.R. § 404.1529(c)(4). Yet, the ALJ need not follow formalistic rules in his credibility assessment. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).

In this case, the ALJ credited the statements regarding the limiting effects of C.L.F.'s impairments only to the extent that they were supported by the medical evidence. (*See* Tr. 27). In other words, the ALJ favored the assessments and limitations recognized by the medical professionals to the extent that they conflicted with plaintiff's assessment of C.L.F.'s limitations. The ALJ's discussion met the requirements of 20 C.F.R. § 404.1529, and his resolution is supported by substantial evidence. *See, Undheim v. Barnhart*, 214 Fed. Appx. 448 (5th Cir. Jan. 19, 2007) (unpubl.) (opinion as a whole gave sufficient reasons and documentation for the ALJ's

---

170, 195, 269-271).

[12] *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

credibility determination); *Cornett v. Astrue*, 261 Fed. Appx. 644 (5th Cir. Jan. 3, 2008) (unpubl.) (ALJ gave some weight to claimant's complaints; thus claimant's arguments that his subjective complaints were not given enough weight is unavailing); *Hernandez v. Astrue*, 2008 WL 2037273 (5th Cir. May 13, 2008) (unpubl.) (despite claimant's subjective allegations of pain, the ALJ gave "greatest weight" to treating physician's opinion).

For the above-assigned reasons, the undersigned finds that the ALJ's conclusion that C.L.F. is not eligible for benefits because her impairments do not meet, equal or functionally equal[13] any impairment in Appendix 1 to Subpart P of Social Security Administration Regulations No. 4 is supported by substantial evidence and is free of legal error. *Id.* Accordingly,

The Commissioner's decision is **AFFIRMED**, and the matter **DISMISSED** with prejudice.

THUS DONE AND SIGNED at Monroe, Louisiana, this 24th day of September 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[13] As noted in the Commissioner's brief, plaintiff did not specifically challenge the ALJ's functional equivalency determination. Regardless, there is substantial evidence to support the ALJ's determination. *See* Tr. 288-293, 112, 170, 195, 269-271 and discussion, *supra*.